FILED
06 OCT 19 PM 12:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
PPL             DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIA DUARTE,<br><br>                Petitioner,<br>v.<br><br>HECTOR BARDALES,<br><br>                Respondent. | CASE NO. 06-CV-0158 W (NLS)<br><br>ORDER DENYING EX PARTE PETITION FOR ACCESS TO MINOR CHILDREN |

    On October 13, Petitioner filed an Ex Parte Petition for Access to Minor Children under the Hague Convention, Article 21 and the International Child Abduction Remedies Act (ICARA), 42, U.S.C. § 11601 *et seq.* Respondent has not yet filed a response. The Court decides this matter on the papers submitted and without oral argument pursuant to Local Rule 7.1(d.1). The Court hereby **DENIES** Petitioner's application.

## I. PROCEDURAL HISTORY

Petitioner filed a Complaint for Return of Children ("Petition") on January 23, 2006. She sought relief under ICARA, the federal legislation implementing aspects of the Hague Convention ("Convention") relating to international custody disputes, after the San Diego Superior Court awarded custody of her children to Respondent. On May 17, this Court denied Respondent's Motion to Dismiss or for Removal to Superior Court. On August 23, Plaintiff filed an Ex Parte Application for Access to Minor Children. On August 30, the Court granted the application, which permitted in-person visitation until the Court entered a final order disposing of the Petition.

In the meantime, the parties submitted evidence on the merits of the Petition. On September 1, 2006, the Court held a hearing on the Petition, but Petitioner failed to appear, apparently due to the theft of her purse and identification. The Court entered an Order Denying the Petition, but stayed its effect to allow Plaintiff to provide evidence substantiating her explanation for missing the hearing. On September 15, the Court entered an order lifting the stay and denying the Petition. On September 29, Plaintiff filed a Motion to Alter or Amend Judgment under Federal Rule 59. The Court has yet to rule on that motion.

On October 13, 2006, Petitioner filed this Ex Parte Petition for Access to Minor Children ("Ex Parte Petition"), reciting essentially the same arguments as those in the August 23 Ex Parte Application. In this petition, however, she requests access to her children three times per week by telephone under a therapist's supervision.

## II. DISCUSSION

Under ICARA, a court may order provisional remedies effective until it rules on the merits of the petition. 42 U.S.C. § 11604(a). The primary purpose of the Hague Convention, and thus ICARA, is to preserve the status quo to deter feuding parents from crossing international borders in search of a more sympathetic custody court. Miller v. Miller, 240 F.3d 392, 398 (4th Cir. 2001). ICARA does *not* confer

jurisdiction to litigate the custody dispute itself. Congress was emphatic on this point: "The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 42 U.S.C. § 11601(b)(4).

Likewise, provisional remedies must be "in furtherance of the objectives of [the Hague Convention]." 42 U.S.C. § 11604(a). They are available on two specific grounds: "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." Id. Consequently, ICARA does not itself create freestanding remedies. Rather, remedial measures must exist "under Federal or State law, as appropriate." 42 U.S.C. § 11604(a). Petitioner has not identified any relevant measures under California law, so the Court construes her Petition as one under federal law.

### A.     Legal Standard for Petitioner's Requested Relief

Petitioner here seeks "court ordered telephonic 'therapeutic' visitations without interference" from Respondent, enforceable through the court's contempt powers. (Ex Parte Petition at 5.) Generally, a court may only issue such an order pending a hearing on the merits if a party meets the usual standard for preliminary injunctions under Federal Rule of Civil Procedure 65. See Morgan v. Morgan, 289 F. Supp. 2d 1067, 1069 (N.D. Iowa 2003) (analyzing elements of Rule 65 to determine relief pending a hearing on the merits).

A district court may issue a preliminary injunction when a party has shown "(1) probable success on the merits and possible irreparable injury, or (2) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Aguirre v. Chula Vista Sanitary Serv. & Sani-Trainer, Inc., 542 F.2d 779, 781 (9th Cir. 1976); see also Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999). Thus, the standard for a preliminary injunction balances the moving

party's likelihood of success against the relative hardship to the parties. See Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1118 (9th Cir. 1999).

However, "even if [the moving party] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000); Oakland Tribune, Inc. v. The Chronicle Pub. Co., 762 F.2d 1374, 1375 (9th Cir. 1985). Moreover, the decision to issue a preliminary injunction is largely left to the court's discretion. See Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist., 868 F.2d 1085, 1087 (9th Cir. 1989). ICARA's permissive language mirrors the general preliminary injunction standard and preserves the court's discretion whether to issue provisional remedies.

### B. Petitioner Has Not Met Her Burden Under Federal Rule 65.

The Ex Parte Petition suffers from two fatal defects under Rule 65. First, Petitioner's factual allegations do not identify any irreparable injury. Petitioner argues that Article 21 of the Convention establishes her right to visitation. (Mem. P. & A. at 4.) However, § 11604 grants authority to remedy only two forms of injury: the well-being of the child and the child's further removal or concealment. Petitioner's general factual recitations outlining her custody battle over the past several years do not establish either type of injury. (See id. at 2–4.) Petitioner never alleges that Respondent may interfere with the well-being of the children, cf. Morgan, 289 F. Supp. 2d at 1070 (reciting verified allegations that respondent denied child's request to return to or speak with petitioner), and Petitioner never suggests Respondent may remove or conceal the children, cf. id. (reciting allegation that respondent planned to flee the jurisdiction). Thus, the Court declines to issue a remedy without evidence of a cognizable injury under ICARA.

Therapeutic visitation, even by telephone, might actually circumvent the purpose of provisional relief by introducing instability into the children's daily lives.

By Petitioner's own admission, she has not spoken to her children for over ten months. (Mem. P. & A. at 2.) The children might suffer more harm from the sudden and obtrusive measures Petitioner requests, followed by the uncertainty of continued contact once the Court disposes of the case on the merits, than from a preservation of the status quo. Petitioner has not even shown that instability would be a lesser harm than any other cognizable injury.

Second, to obtain a provisional—in other words, *temporary*—remedy, Petitioner must show that she or her children will suffer a significant threat of irreparable injury *before final disposition of the petition*. 42 U.S.C. § 11604(a) (emphasis added). As stated above, none of Petitioner's allegations address the relevant time period. To dispose of the petition, the Court must only rule on Petitioner's Motion to Alter or Amend Judgment. The Court has already set a prompt hearing date for that motion, and its ruling will issue soon thereafter. Without some evidence showing a *present* threat of irreparable injury, or some threat likely to arise within the *next few weeks*, Petitioner cannot meet her burden.

Many of Petitioner's arguments regarding the res judicata effects of state custody orders (see Mem. P. & A. at 4–8) are better directed to her underlying § 11603(b) petition, currently the subject of a reconsideration motion. However, § 11604(a) requires a different showing than § 11603(b). Bare allegations that Petitioner seeks therapeutic visitation with her children are insufficient, especially because the Court is scheduled to rule on the merits of her petition in a few weeks. The Court notes that nothing prevents the parties from arranging informal telephonic visitations.

//
//
//
//
//

### III. CONCLUSION

The Court hereby **DENIES** the Petitioner's Ex Parte Petition for Access to Minor Children.

**IT IS SO ORDERED.**

DATE: October 19, 2006

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC:   ALL PARTIES