FILED
SEP -5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIA DUARTE,<br><br>                              Plaintiff,<br>vs.<br><br>HECTOR BARDALES,<br><br>                             Defendant. | CASE NO. 06-CV-0158 W (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL (Doc. No. 198)** |

I. **BACKGROUND**

On May 20, 2008 a Ninth Circuit Court of Appeal reversed this Court's November 9, 2006 Order denying Plaintiff Emilia Duarte's ("Duarte") Federal Rule of Civil Procedure[1] 59 motion to alter or amend the Court's earlier judgment entered against her. Duarte v. Bardales, 526 F.3d 563 (9th Cir. 2008). The Ninth Circuit determined that equitable tolling applied to the Hague Convention's Article 12 and remanded the action to this Court to determine whether tolling applied and, if so, reach the petition's merits. Id. On July 31, 2008 Defendant Hector Bardales ("Bardales") moved to set the matter on an expedited calendar and to adjudicate the case by submitting declarations to the Court. (Doc. No. 192.) On August 13, 2008 the Court issued an Order to Show Cause why the case should not proceed by declaration and on

---

[1] All future references to "Rule" shall be to the Federal Rules of Civil Procedure.

summary judgment. (Doc. No. 194.) To date, Duarte has not responded to the Order.

On August 22, 2008, however, Duarte moved under Rule 41(a)(2) to voluntarily dismiss all claims in the action. (Doc. No. 198.) Duarte's counsel represents that counsel will be taking medical leave and unable to represent Duarte in this action. (*Beverly Baker-Kelly Decl.* ¶ 3.) Counsel also represents that she has been unable to find anyone to handle Duarte's case on a *pro bono* basis. (*Id.* ¶ 4.) Duarte, herself, consents to the dismissal on the basis that it would be unfair to both parties and to the children to prolong this case. (*Notice* ¶ 3.) Defendant Bardales opposes the motion of voluntary dismissal and argues that because Duarte never had a realistic chance of prevailing, any dismissal should be contingent upon the payment of his costs and attorneys' fees. (*Objections* 3.)

## II.  LEGAL STANDARD & ANALYSIS

Duarte seeks to voluntarily dismiss her action pursuant to Federal Rule of Civil Procedure 41. Bardales, in opposition, conditionally agrees to dismissal provided that he recover his costs and attorney's fees. In support, Bardales provides some evidence tending to substantiate several recognized defenses to Duarte's Hague petition. First, Bardales argues that Duarte's statute of limitations cannot be equitably tolled because Duarte at all times knew where Bardales and the children were residing. (*Objections* 3–7.) Furthermore, Bardales offers evidence that the children were healthy, well-settled, and preferred living in San Diego with their father. (*Id.* 7–8.) Finally, Bardales insists that Duarte would not have prevailed because she placed the children in "grave risk" by constant exposure to physical, sexual, and emotional abuse (*Id.* 8–10.)

Once an answer or summary judgment motion has been filed, a plaintiff may only voluntarily dismiss a case by court order. Fed. R. Civ. P. 41(a)(2). Upon granting a voluntary dismissal, courts typically condition the dismissal on plaintiff's reimbursing defendants for court costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). However, in close cases a district court does not abuse its discretion by

refusing to award attorneys' fees. See Stevedoring Services of America v. Armilla Int'l B.V., 889 F.2d 919, 922 (9th Cir. 1989) (refusing to award costs and attorney fees where plaintiff had a "realistic chance of prevailing").

The Court is not prepared to hold that Duarte did not have a "realistic chance of prevailing." Of course, Duarte's and her counsel's dilatory behavior throughout this lawsuit clouds the issue. But the Court is mindful of the complicated issues and facts where children and cross-border Hague petitions are involved. Additionally, the Ninth Circuit found in favor of Duarte on appeal, which suggests that any prejudice in the Court below was more than harmless error. The Court regrets that Duarte and Bardales have invested so much time, effort, and money into this dispute, across three courts, without a resolution on the merits. Nevertheless, the Court **GRANTS** Duarte's motion for voluntary dismissal, **OVERRULES** Bardales' objections and **DENIES** Bardales' requests for costs and attorney's fees, and **DISMISSES** Duarte's Complaint.

Duarte next asks for a Court Order for her to exercise her visitation rights. (*Notice* ¶ 5.) This request is **DENIED**. As the California Family Court has already awarded sole custody to Bardales, this Court cannot entertain jurisdiction to alter or amend the state court judgment. Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 326 (9th Cir. 1995) (citing 28 U.S.C. § 1738). The Court also **DENIES** Duarte's request to entertain continuing jurisdiction over her costs and hypothetical motion for attorneys' fees.[2] (*Notice* ¶¶ 6–9.) Duarte has chosen to dismiss her action; the Court will not retain jurisdiction over a dismissed case.

///
///
///
///

---

[2] Plaintiff further states "In the alternate, [Plaintiff] requests the Court to instruct her if other measures are appropriate" in order to collect court costs and attorney's fees. (*Notice* ¶¶ 7, 9.) As the Court has repeatedly advised Plaintiff's counsel, the Court is not in the position to offer legal consultation to either party.

///

III. CONCLUSION

For the above reasons, the Court **GRANTS** Duarte's motion for voluntary dismissal and **DISMISSES** Duarte's Complaint. Additionally, the Court **DENIES** Bardales' request for attorney's fees.

IT IS SO ORDERED.

Dated: September 4, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California